```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

TAMMY CONNALLY,

    Plaintiff,
v.                                    Case No. 8:21-cv-2750-VMC-CPT

FLORIDA HMA REGIONAL
SERVICE CENTER, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Tammy Connally's Motion to Remand (Doc. # 12), filed on December 22, 2021. Defendant Florida HMA Regional Service Center, LLC responded on January 5, 2022. (Doc. # 14). For the reasons that follow, the Motion is granted.

**I.  Background**

Connally initiated this Florida Civil Rights Act (FCRA) action against her former employer, Florida HMA, in state court in September 2021. (Doc. # 1-7; Doc. # 1-1).

Florida HMA then removed the case to this Court on the basis of diversity jurisdiction on November 23, 2021. (Doc. # 1). Now, Connally argues that the case should be remanded. (Doc. # 12). Florida HMA has responded (Doc. # 14), and the Motion is ripe for review.

1

## II. Legal Standard

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). But "Eleventh Circuit precedent permits district courts to make 'reasonable

deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citations omitted).

### III. Analysis

Connally argues that this case should be remanded to state court because Florida HMA has not established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. (Doc. # 12).

    **A.   Back Pay**

"The Court believes that back pay should be calculated only to the date of removal. The reason for this is simple: the amount in controversy needs to be determined at the time the case is removed." Bragg v. Suntrust Bank, No. 8:16-cv-139-VMC-TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016). According to Florida HMA's notice of removal, the back pay up to the date of removal is $96,935.72 (133 weeks x $728.84/week). (Doc. # 1 at 10-11).

But Connally notes in her Motion that this back pay amount must be reduced to account for the wages she earned at other jobs between her termination and the removal of this action. (Doc. # 12 at 7); see Walcott v. Ferrelgas, Inc., No.

3

6:21-cv-154-GAP-DCI, 2021 WL 3518204, at *2 (M.D. Fla. Mar. 8, 2021) ("This [back pay] calculation should also, of course, be adjusted for any mitigating employment income earned prior to removal when those mitigating efforts are supported by a plaintiff's sworn affidavit. Any amount of money that a plaintiff has made from another job would not be 'in controversy' because it would not be recoverable." (citation omitted)). She has submitted an affidavit, declaring that she earned a total of $74,337.60 in wages between the end of her employment with Florida HMA and the removal of this action to federal court. (Doc. # 12-1 at 2).

Therefore, $74,337.60 must be subtracted from the back pay amount of $96,935.72. This leaves $22,598.12 as the total amount of back pay to be included in the amount in controversy calculation — far below the amount in controversy threshold.

    **B.**    **Front Pay**

In the notice of removal, Florida HMA argues that $37,899.68 in front pay should be included in the amount in controversy calculation. (Doc. # 1 at 12). Florida HMA calculated this amount assuming that Connally would be awarded one year of front pay. (Id.).

The Court will not include this amount because it is purely speculative. "Speculation regarding front pay cannot

4

be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." Avery v. Wawa, Inc., No. 8:18-cv-403-VMC-TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018); see also Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010) (removing defendant suggested that one year of the plaintiff's base salary — $30,010.00 — was reasonable to include in the amount in controversy analysis, but the court found that to "include this figure in calculating the amount in controversy would require this Court to 'engage in impermissible speculation'").

Thus, the Court will not include any amount of front pay in its amount in controversy calculation.

### C. Compensatory Damages

Next, Connally challenges Florida HMA's inclusion of compensatory damages in its estimation of the amount in controversy. (Doc. # 12 at 10-12). Indeed, in the notice of removal, Florida HMA asserts that "[a]wards of compensatory damages are uncapped under the FCRA and regularly meet or exceed $75,000.00." (Doc. # 1 at 12). And, in its response to this Motion, Florida HMA maintains that $55,000 in compensatory damages is a "conservative" estimate based on other cases in which large compensatory damages amounts were

5

awarded. (Doc. # 14 at 11-13). According to Connally, however, compensatory damages are "too speculative" to be included in the amount in controversy calculation. (Doc. # 12 at 11).

The Court agrees with Connally that her unspecified request for compensatory damages in the amended complaint is too speculative to include in the amount in controversy calculation. See Mathew v. S & B Eng'rs and Constr., Ltd., No. 8:08-cv-1801-VMC-TGW, 2009 WL 249931 (M.D. Fla. Jan. 30, 2009) (holding that plaintiff's claim for unspecified compensatory damages, her back pay damages of approximately $66,000, and evidence of her failure to stipulate regarding the jurisdictional amount were insufficient to establish the jurisdictional amount). The Court is not persuaded that the other FCRA cases cited by Florida HMA establish that Connally has actually suffered tens of thousands of dollars' worth of non-economic damages, such as emotional distress, as a result of Florida HMA's actions. See Bragg, 2016 WL 836692, at *2 ("SunTrust cites to three prior employment discrimination cases in which plaintiffs were awarded damages in excess of $75,000 for mental anguish, [] but does not explain why that amount would be awarded in *this* case." (emphasis in original)); see also Kruse v. Sam's W., Inc., No. 8:20-cv-2305-CEH-JSS, 2021 WL 2632436, at *5 (M.D. Fla. June 25, 2021)

6

("Sam's West predicates the support for this calculation upon citations to cases in which other courts included compensatory damages in the amount in controversy. However, Sam's West fails to explain whether these cited cases are comparable to this action. Even if the Court treats those cases as 'comparable' cases, Sam's West does not explain why the compensatory damages in those cases justify including $15,000 in the amount in controversy here.").

Because the record is devoid of sufficient allegations regarding Connally's non-economic damages and Florida HMA failed to provide additional information about Connally's particular damages, the Court cannot reasonably determine what amount of compensatory damages should be included in the amount in controversy. See Golden v. Dodge-Markham Co., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998) ("Compensatory damages are extremely nebulous. Making a general blanket statement that, if Plaintiff prevails, compensatory damages could certainly entitle him to thousands of dollars, does not rise to the levels of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75.000.00."). Therefore, the Court will not include an amount of compensatory damages in its calculation.

D.   **Punitive Damages**

In the notice of removal, Florida HMA argues that $100,000 in punitive damages should be added to the amount in controversy because that is the maximum amount allowed under the FCRA. (Doc. # 1 at 14).

The Court disagrees. While the Court may consider punitive damages in determining the amount in controversy, the fact that Connally has requested punitive damages and a maximum of $100,000 in punitive damages is available under the statute does not establish that $100,000 in punitive damages should be added to the calculation here. If it did, "every [FCRA] case filed in state court containing a request for punitive damages would automatically meet the jurisdictional minimum for removal to federal court. That result would be untenable." Boyd v. N. Tr. Co., No. 8:15-cv-2928-VMC-TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016).

And it would be rank speculation for the Court to add an amount of punitive damages to the amount in controversy calculation as no evidence of the actual punitive damages at issue in this case has been provided. Thus, the Court will not include an amount of punitive damages in its calculation.

8

### E. Attorney's Fees

The amount of attorney's fees and costs incurred before removal can be included in the amount in controversy calculation. See Miller Chiropractic & Med. Centers, Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-VMC-MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016) ("For jurisdictional purposes, the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal.").

In its notice of removal, Florida HMA did not provide an estimate of Connally's attorney's fees up to the date of removal. (Doc. # 1 at 14-18). Instead, Florida HMA estimates that the attorney's fees through the end of trial would be approximately $75,000. (Id.). But this is irrelevant, as only attorney's fees at the time of removal are included in the amount in controversy. See Balkum v. Pier 1 Imports (U.S.), Inc., No. 6:17-cv-1299-RBD-DCI, 2017 WL 3911560, at *3 (M.D. Fla. Sept. 7, 2017) ("[W]hen a statute allows the recoupment of attorneys' fees, the Court measures the amount expended at the time of removal.").

And Florida HMA has not provided an estimate of the attorney's fees incurred only up to the time of removal in its response to the Motion. Thus, the Court will not include

9

an estimate of the attorney's fees incurred up to the date of removal in the amount in controversy calculation.

### F. Calculation of the Amount in Controversy

Combining all of these categories, Florida HMA has only established that the amount in controversy is approximately $22,598.12. This falls far short of $75,000. Therefore, this Court lacks jurisdiction and remand is required.

### G. Connally's Request for Attorney's Fees

Finally, Connally requests an award of attorney's fees and costs related to filing this Motion. (Doc. # 12 at 17-18). True, 28 U.S.C. § 1447(c) provides that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

"The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." Young v. GEICO Gen. Ins. Co., No. 8:10-cv-1798-VMC-AEP, 2010 WL 11629267, at *4 (M.D. Fla. Oct. 12, 2010) (citing Martin v. Frankling Cap. Corp., 546 U.S. 132, 136 (2005)). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs

10

on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin, 546 U.S. at 140. Thus, "the standard for awarding fees should turn on the reasonableness of the removal" and "when an objectively reasonable basis exists, fees should be denied." Id. at 141.

Here, Florida HMA had an objectively reasonable basis for removal: its calculation of back pay up to the date of removal exceeded $96,000, thereby meeting the amount in controversy threshold. Although the additional information Connally has since provided about her mitigation efforts reduced this amount significantly, Florida HMA reasonably believed the amount in controversy exceeded $75,000 based on the information it had at the time of removal. Therefore, the Court declines to award fees and costs to Connally.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Tammy Connally's Motion to Remand (Doc. # 12) is **GRANTED**. The Clerk is directed to **REMAND** this case to state court and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2022.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE